GEORGETOWN (WRIGHT v.). See Case No. 18,080.

GEORGETOWN & A. TURNPIKE CO. (CURTISS v.). See Case No. 3,506.

GEORGETOWN BRIDGE CO. (DAVIS v.). See Case No. 3,637.

GEORGETOWN BRIDGE CO. (UNITED STATES v.). See Case No. 15,202.

---

## Case No. 5,348.

GEORGETOWN TURNPIKE ROAD CO. v. CUSTIS.

[1 Cranch, C. C. 585.] [1]

Circuit Court, District of Columbia. Nov. Term, 1809. [2]

JURISDICTION TO QUASH INQUISITION TAKEN UNDER TURNPIKE CHARTER.

This court has jurisdiction to quash an inquisition taken under the charter of the Georgetown and Alexandria Turnpike Company. The inquisition need not be under the seals of the jurors. If the jurors are not disinterested the inquisition will be quashed.

This was a rule upon G. W. P. Custis to show cause why an inquisition which had awarded him three thousand dollars on condemnation of a part of his land for the road, should not be quashed and a new warrant issued.

E. J. Lee, for defendant, contended that this court had no jurisdiction in this case. By the charter of the company (Act Cong.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 6 Cranch (10 U. S.) 233.]

March 3, 1809, c. 31; 2 Stat. 539), the power to issue the warrant to summon the jury is given to one of the judges only, and the inquisition is to be returned to the clerk of the county, to be by him recorded, and the valuation is to be conclusive upon all persons. The court has no power to issue the warrant, nor to prevent the clerk from recording the inquisition. It is to be recorded only for safe-keeping.

C. Lee, contra. This court has all the powers of a court of record. The clerk is the officer of this court, and cannot insert any thing in the records of the court without its order. If the inquisition has been legally taken it is conclusive; but this court is to decide whether it has been legally taken. The courts in Virginia have, by the common law, power to quash an inquisition of escheat. Bennett v. Com., 2 Wash. [Va.] 154. And this court has the same powers as the district courts of Virginia. If one judge has the power to issue the warrant, a fortiori, the court, consisting of three judges, has it.

THE COURT (CRANCH, Chief Judge, doubting) were of opinion that they had jurisdiction to prevent the recording, and to quash the proceedings if irregular or illegal.

F. S. Key then objected to the inquisition that it was not under the seals of the jurors.

E. J. Lee, contra, was stopped by THE COURT, upon that point. But it appearing in evidence that some of the jurors were interested, and others did not stand indifferent,—

THE COURT (nem. con.) refused to suffer the inquisition and proceedings to be recorded, and ordered them to be quashed.

This judgment was reversed by the supreme court of the United States (6 Cranch [10 U. S.] 233), upon the ground that this court had no jurisdiction of the case. [See Case No. 3,506.]